**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KULDEEP SINGH,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No. 16-73172

A205-585-737

MEMORANDUM[*]

On Petition for Review of a Decision of the
Board of Immigration Appeals

Argued and Submitted November 15, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,[**]
District Judge.

After arriving at a port of entry in the United States in 2013, Petitioner

Kuldeep Singh ("Singh") submitted applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Singh

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the
Eastern District of New York, sitting by designation.

claimed he was fleeing violence inflicted by his uncle, a local leader of India's Congress Party, because of Singh's affiliation with the rival Mann Party. The Mann Party is a secessionist Sikh political party that advocates for the founding of Khalistan as a separate nation. The Immigration Judge ("IJ") denied Singh's applications for relief after making an adverse credibility determination based on six inconsistencies in Singh's testimony and documentary evidence. The Board of Immigration Appeals ("BIA") adopted the IJ's decision. Singh appeals, arguing that the record compels a reversal of his adverse credibility determination and that his claim for CAT protection should be remanded.

We review factual findings, such as adverse credibility determinations, under a substantial evidence standard. *Mejia–Paiz v. INS,* 111 F.3d 720, 722 (9th Cir. 1997). "Even if we might have reached a conclusion different from that reached by the BIA, we may not reverse unless we determine that any reasonable factfinder would have been compelled to reach that conclusion." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). Because the BIA adopted the IJ's decision in its entirety, we review the IJ decision as though it were the BIA's decision. *See Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994); *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc).

Under the REAL ID Act, an adverse credibility determination must be based on the totality of the circumstances and all relevant factors. 8 U.S.C.

§ 1158(b)(1)(B)(iii). Inconsistencies that form the basis of an adverse credibility determination need not "go[] to the heart" of petitioner's claims. *Id.* Moreover, even before the REAL ID Act, applicable here, when inconsistencies had to "go to the heart" of the claim of persecution, we held that "[s]o long as one of the identified grounds is supported by substantial evidence . . . we are bound to accept the IJ's adverse credibility finding." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003); *see also Shrestha v. Holder*, 590 F.3d 1034, 1046-48 (9th Cir. 2010). As a result, while the IJ focused on six inconsistencies, we need not discuss each of them.

1. The adverse credibility finding is supported by substantial evidence. When he entered the United States, Singh told the immigration officer who conducted his credible fear interview that he was not a "member" but merely a "supporter" of the Mann Party. Yet his testimony before the IJ and documentary evidence (*e.g.,* his father's statement, support letter from the Mann Party, written application for asylum, declaration) indicate that he was an official member.

Singh argues in his brief that the difference in the Punjabi language between the words "member" and "supporter" is insignificant, and he thought that they meant the same thing. But Singh did not offer this explanation himself during the IJ hearing, and the Punjabi interpreter present at the hearing was not asked to confirm if the two words have similar meanings. Indeed, it was Singh himself who

made the distinction in his credible fear interview: While denying that he was a member, he said that he was "a strong supporter and since 2010 I have been a worker for the party and I have participated in every activity that the members participate in." This response makes it difficult to conclude that Singh believed that "member" and "supporter" held the same meaning.

While the foregoing inconsistency is sufficient to affirm the IJ's adverse credibility finding, *Wang*, 352 F.3d at 1259, other grounds – such as Singh's conflicting responses as to when he was first attacked and how many times he was attacked – are also supported by substantial evidence.

2. Singh's claims for withholding of removal and CAT protection were properly denied. When an applicant cannot demonstrate eligibility for asylum, he "necessarily fails to carry the greater burden of establishing eligibility for withholding of removal." *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). The IJ's adverse credibility determination barring Singh's asylum claim therefore bars his withholding of removal claim. Moreover, an alien's CAT claim fails where, as here, it is premised on the same bases that the BIA found not credible in his asylum claim. *Id.*

**PETITION FOR REVIEW DENIED.**